NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MELVIN WADE ASTON, *Appellant.*

No. 1 CA-CR 20-0133
FILED 11-3-2020

Appeal from the Superior Court in Yavapai County
Nos.  P1300CR20000280 and P1300CR990613
Consolidated
The Honorable Thomas K. Kelly, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Law Office of Gonzales & Poirier, PLLC, Flagstaff
By Tony Gonzales
*Counsel for Appellant*

### MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

**C A T T A N I**, Judge:

¶1        Melvin Wade Aston appeals the revocation of his probation and the resulting sentences.  Aston's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  Aston was given the opportunity to file a supplemental brief but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we modify the sentencing order to reflect that one of Aston's convictions of attempted sexual assault (Count 9 of P1300CR990613) was determined to be a non-dangerous offense.  In all other respects, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In 2000, Aston pleaded guilty to nine sexual offenses against nine different victims committed between 1984 and 1996.  Consistent with the plea agreement, the superior court found multiple aggravating factors and sentenced him to a combined term of 20 years' imprisonment for six of the offenses, to be followed by lifetime probation with sex offender terms for the other three offenses.  The offenses for which the court imposed probation were: attempted sexual assault, a dangerous crime against children; attempted sexual assault, a non-dangerous offense; and attempted child molestation, a dangerous crime against children.

¶3        In January 2019, Aston was released from prison and began probation.  His conditions of probation included requirements that he "obey all laws" and that he "[a]void contact with, or use of, any illegal drugs."

¶4        About five months later, Aston twice tested positive for methamphetamine; after the second positive test, he admitted to his probation officer that he had used the drug.  Then, in July, Aston was arrested when a search of his car revealed almost 15 grams of

methamphetamine, which Aston admitted purchasing. His probation officer filed a petition to revoke based on Aston's drug use and new criminal act. Aston denied the allegations. But after a violation hearing at which Aston's probation officer and a detective involved in his arrest testified, the superior court found Aston had violated probation by possessing methamphetamine at the time of his arrest and by using methamphetamine as evidenced by his positive drug test.

¶5        The court revoked Aston's probation and, after finding multiple aggravating circumstances, imposed consecutive, aggravated terms of imprisonment totaling 40 years, with 694 days of presentence incarceration credit. Aston timely appealed.

## DISCUSSION

¶6        We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300.

¶7        Aston was present and represented by counsel at all substantive stages of the revocation proceedings. The record reflects that the superior court afforded Aston all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate hearings, and the evidence presented at the violation hearing was sufficient to support the court's decision. Aston's sentences fall within the range prescribed by law, with sufficient credit given for presentence incarceration.

¶8        We note, however, that the sentencing order (unlike the court's oral pronouncement) erroneously lists the non-dangerous attempted sexual assault conviction, Count 9 of P1300CR990613, as a dangerous offense. We thus modify the order to characterize Count 9 of P1300CR990613, attempted sexual assault of K.H., as a non-dangerous offense. In all other respects, we affirm.

## CONCLUSION

¶9        The revocation of Aston's probation and the sentences imposed are affirmed as corrected. After the filing of this decision, defense counsel's obligations pertaining to Aston's representation in this appeal will end after informing Aston of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Aston

has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA